RETURN DATE: DECEMBER 29, 2020          SUPERIOR COURT

BYRON ETHAN PIERCE AND          J.D. OF HARTFORD
REBECCA PRETE

V.          AT HARTFORD

TOWN OF SIMSBURY, CHIEF OF POLICE
NICHOLAS J. BOULTER, SIMSBURY POLICE OFFICERS
SAMUEL ROBBINS, JUSTIN GUALDUCCI,
KEVIN MORANO, AND JUSTIN JOHNSON:          NOVEMBER 3, 2020

## COMPLAINT

Come now the Plaintiffs, Byron Ethan Pierce and Rebecca Prete, and for their causes of action, complain and allege against the Defendants, the Town of Simsbury, Chief of Police Nicholas J. Boulter, and Simsbury Police Officers Samuel Robbins, Justin Gualducci, Kevin Morano, and Justin Johnson:

### FIRST COUNT
### 42 U.S.C. § 1983
### ARREST WITHOUT PROBABLE CAUSE IN VIOLATION
### OF THE FOURTH AMENDMENT
### (by Pierce against the Defendant Officers)

1. This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§1983 and 1988, and under the common law of the State of Connecticut for use of excessive force, assault and battery, intentional and negligent infliction of emotional distress, negligence, and indemnification pursuant to §§ 7-465 and 52-557n of the Connecticut General Statutes.

2. At all relevant times the Plaintiff, Byron Pierce, resided in Simsbury, Connecticut.

3. At all relevant times the Plaintiff, Rebecca Prete, resided in Simsbury, Connecticut.

4. The Defendant, the Town of Simsbury, Connecticut, is a municipality and a political subdivision of the State of Connecticut, for which the individual Defendants serve as police officers.

5. The Town of Simsbury has established or delegated to Defendant, Chief of Police Nicholas J. Boulter, the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers on the seizure of persons.

6. The Defendant, Officer Samuel Robbins, was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Town of Simsbury and was acting under color of state law.

7. The Defendant, Officer Justin Gualducci, was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Town of Simsbury and was acting under color of state law.

8. The Defendant, Officer Kevin Morano, was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Town of Simsbury and was acting under color of state law.

9. The Defendant, Officer Justin Johnson, was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Town of Simsbury and was acting under color of state law.

10. On Friday, November 30, 2018, Pierce and Prete were attending a wedding reception at the Riverview, a venue in Simsbury.

11. At the end of the evening, at approximately 9:30 pm, Pierce and Prete headed back to their car to decide how to arrange safe transportation to the hotel or to their

home. The Plaintiffs had several options, as dozens of her immediate family were staying very close by at a nearby hotel, and had offered to provide them with accommodations for the evening.

12. The hotel also had complimentary limo services that the Plaintiffs could have used.

13. While deciding, Pierce and Prete were sitting in the parked car because of the cold outside, reminiscing about the wedding and reception, with no intention of operating the vehicle.

14. At no time was the vehicle ever turned on the key inserted in the ignition.

15. A female employee from the Riverview came out to the vehicle, in the parking lot, to address her concerns with their driving. Prete explained that they would not be driving and that they were deciding how to arrange for a ride home or to the hotel.

16. Approximately 10-15 minutes later, the Defendants knocked on the window, and told Pierce to exit the vehicle.

17. At no point did Pierce threaten the Defendant officers or raise his voice.

18. One of the Defendant Officers sprayed Pierce with pepper spray, resulting in seething pain in his eyes, face, hands, ears, and nose.

19. The Defendants dragged Pierce onto the street.

20. The Defendants slammed Pierce's body onto the parking lot, continued to punch, kick and assault him.

21. When the Plaintiff informed Officer Robbins that his calf had been injured, Officer Robbins beat that area with a police baton.

22. Pierce's hands were cut, his face and knees were scraped, his nose was broken, one rib was broken, he suffered a painful, bruised black eye, and a severely sprained right wrist.

23. The Defendants also TASERed Pierce twice, and sprayed him with pepper spray a second time.

24. One of the Defendants who arrived smashed Pierce's head into the asphalt, causing a concussion, abrasions, contusions and swelling his head.

25. One of the Defendants gloated with pride as he drove his knee into Pierces' cervical spine, explaining "this is how it is done."

26. Pierce pleaded for the Defendant to remove his knee from his neck and throat because he could not breathe.

27. After being taken to a hospital, Pierce was kept in a jail cell until late Saturday morning.

28. The Defendants, while acting under the color of state law, arrested the Plaintiff despite lack of probable cause.

29. As a direct result of the Defendants' actions, the plaintiff suffered psychological trauma, physical injury, humiliation, pain and suffering, and damage to his reputation and character, as well as other injuries and damages more particularly set forth herein, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C. § 1983.

30. As a direct and proximate result of the violation, Plaintiff is entitled to relief under 42 U.S.C § 1983.

## SECOND COUNT
## 42 U.S.C. § 1983: USE OF EXCESSIVE FORCE
### (by Pierce against the Defendant Officers)

1-30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-30 of the First Count.

31. The Defendant Officers, while acting under the color of state law, used unreasonable and excessive force while arresting Pierce.

32. As a direct result of the defendants' actions, the plaintiff suffered psychological trauma, physical injury, humiliation, pain and suffering, and damage to his reputation and character, as well as other injuries and damages more particularly set forth herein, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C. § 1983.

## THIRD COUNT
## 42 U.S.C. § 1983: FAILURE TO INTERCEDE
### (by Pierce against the Defendant Officers)

1-32. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 32 of the Second Count as though fully set forth herein.

33. The Defendant Officers failed to intervene to prevent and/or stop the unreasonable and unjustifiable arrest of the Plaintiff, despite the duty to do so.

34. As a direct and proximate consequence of the Defendants' action, the Plaintiff suffered damages, including physical injury and psychological trauma, as set forth above.

## FOURTH COUNT:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (by Pierce against the defendant officers)

1-34. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 34 of the Third Count as though fully set forth herein.

35. The aforementioned actions by the defendant officers were intentional, willful and deliberate and caused the Plaintiff to suffer from severe emotional distress.

36. Said conduct was extreme and outrageous.

37. The defendants' conduct was the sole cause of the Plaintiff's distress.

38. The emotional distress sustained by the Plaintiff was severe.

39. As a result of the defendants' actions, the plaintiff suffered damages, as set forth above.

### FIFTH COUNT: NEGLIGENCE
### (by Pierce against the defendant officers)

1-39. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 33 of the Third Count as though fully set forth herein.

40. As police officers for the Town of Simsbury, the defendant officers owed the Plaintiff a duty to use reasonable care arrest.

41. Pierce was an identifiable person to the Defendant officers, and was subject to an imminent harm by their actions.

42. The defendant officers breached that duty of care by the aforementioned use of force, which had no justification or excuse in law, and were instead illegal, improper and unrelated to any activity in which law enforcement officers may rightfully engage in the course of protecting persons or property or ensuring civil order.

43. As a result of the defendants' actions, the plaintiff suffered damages, as set forth above.

### SIXTH COUNT
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (by Prete against the Defendant Officers)

1-43.   The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 43 of the Fifth Count as though fully set forth herein.

44.   The defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress.

45.   The plaintiff's distress was foreseeable.

46.   The emotional distress was severe enough to cause the Plaintiff illness and/or bodily harm.

47.   The defendants' conduct was the cause of the plaintiff's distress.

48.   Accordingly, the plaintiff is entitled to an award of damages.

### SEVENTH COUNT: DEFAMATION
### (by Pierce Against the Defendant Officers)

1-48.   The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 48 of the Sixth Count as though fully set forth herein.

49.   The false statements made by the Defendants resulted in Pierce losing his teaching position, and caused irrevocable professional damage to his teaching career, and loss of employment opportunities, and earning capacity.

### EIGHTH COUNT
### 42 U.S.C. § 1983
### MUNICIPAL LIABILITY AS TO THE TOWN OF SIMSBURY
### (by Pierce against the Town)

1-49.   The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 49 of the Seventh Count as though fully set forth herein.

50.   The defendants, Chief of Police Nicholas J. Boulter and the Town of Simsbury failed to adequately screen, train, supervise, and discipline the Defendant Officers in the seizure of its citizens.

51. Prior to the incident involving the plaintiff, the Defendants were aware of a pattern of the use of unreasonable force, two took no action to discipline the violators, thus tacitly authorizing or condoning such conduct.

52. If Chief Boulter had taken such remedial action the beating of the plaintiff would not have occurred.

53. The Town is vested by state law to make policy for the use of force and making arrests.

54. The Town was aware of a pattern of excessive force by police officers employed by Town; they were aware that the Town's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct those policies would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon the plaintiff as set forth above.

55. Acting under color of law and pursuant to official policy practice or custom, Chief Boulter and the Town intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline on a continuing basis its police officers, and their duties to refrain from a lawfully in maliciously assaulting and beating citizens and otherwise using an reasonable and excessive force during an arrest.

56. The Town had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.

57. The Town approved or ratified the unlawful, deliberate, malicious reckless, and wanting conduct of the defendants heretofore described.

58. As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered damages, as set forth above, and is entitled to relief under 42 U.S.C. § 1983.

### NINTH COUNT
### INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 52-557n
### (by Pierce against the Town of Simsbury)

1. The allegations of the Fifth Count are incorporated by reference as though fully set forth herein.

2. The Town of Simsbury is liable to Plaintiff under Connecticut General Statutes §§ 52-557n for the negligent acts of the Defendants that were committed in the course and scope of their employment and that directly and proximately caused Plaintiff's injuries and damages, as set forth more particularly herein.

### TENTH COUNT
### INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 52-557n
### (by Prete against the Town of Simsbury)

1. The allegations of the Sixth Count are incorporated by reference as though fully set forth herein.

2. The Town of Simsbury is liable to Plaintiff under Connecticut General Statutes §§ 52-557n for the negligent acts of the Defendants that were committed in the course and scope of their employment and that directly and proximately caused Plaintiff's injuries and damages, as set forth more particularly herein.

### ELEVENTH COUNT
### INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 7-465
### (by Pierce against the Town of Simsbury)

1. The allegations of the First Count are incorporated by reference as though fully set forth herein.

2. The allegations of the Second Count are incorporated by reference as though fully set forth herein.

3. The allegations of the Third Count are incorporated by reference as though fully set forth herein.

4. The Town of Simsbury is liable to pay on behalf of the Defendant Officers by reason of the aforesaid causes of action imposed upon such employees by law for damages awarded for the infringement of the civil rights and physical damages to the person and/or property of Plaintiff as a result of the events complained of herein.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Actual, compensatory and just damages;

2. Punitive damages;

3. Attorneys' fees and costs; and

4. Such other legal and equitable relief as the Court deems just and proper.

THE PLAINTIFFS,

BY: _____
A. Paul Spinella
Spinella & Associates
One Lewis Street
Hartford, CT 06103
Tel: 860.728.4900
Fax: 860.728.4909
attorneys@spinella-law.com

ATTEST: A TRUE COPY

_____
BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
CONSTABLE-INDIFFERENT PERSON