UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BYRON PIERCE, ET AL.,
    *Plaintiffs*,

v.

TOWN OF SIMSBURY, ET AL.,
    *Defendants.*

No. 3:20-cv-01766 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Byron Pierce and Rebecca Prete (collectively, "Plaintiffs") have sued the Town of Simsbury, Connecticut (the "Town"); Simsbury Police Officers Samuel Robbins, Justin Gualducci, Kevin Morano, Justin Johnson, and Sergeant Mark Critz ("Officer Defendants"); and Simsbury Chief of Police Nicholas J. Boulter (collectively, "Defendants"). Mr. Pierce and Ms. Prete allege violations of their federal constitutional rights and related state law claims arising out of an incident on November 30, 2018, at the Riverview, a wedding venue in Simsbury. Consolidated Compl., ECF No. 35 (Nov. 30, 2018).

Defendants have moved for partial dismissal under Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(6), asking this Court to dismiss (1) the claims against Chief Boulter in his individual capacity; (2) the claims against all Defendants in their official capacities; (3) the indemnification claims under Connecticut General Statutes section 7-465; (4) the municipal liability claim against the Town under 42 U.S.C. § 1983; and (5) the state law negligence and defamation claims against Sergeant Critz. Defs.' Partial Mot. to Dismiss Pls.' Consolidated Compl., ECF No. 38 (Feb. 11, 2022) ("Mot. to Dismiss Consolidated Compl."); Mem. of Law in Supp. of Defs.' Partial Mot. to Dismiss Pls.' Consolidated Compl. at 4–12, ECF No. 38-1 (Feb. 11, 2022) ("Defs.' Mem.").

1

Plaintiffs concede that the official-capacity claims are redundant; that the Court lacks jurisdiction over the section 7-465 indemnification claims; and that the negligence claim against Sergeant Critz is time-barred, but they argue that the remaining claims should proceed. Mem. in Opp'n to Mot. to Dismiss Consolidated Compl. At 2–6, ECF No. 42 ("Pls.' Opp'n").

For the following reasons, the partial motion to dismiss is **GRANTED in part** and **DENIED in part**.

The Court dismisses the claims against Chief Boulter; the official-capacity claims; the section 7-465 claims; the municipal liability claim against the Town; and the negligence claim against Sergeant Critz. All other claims will proceed.

If Mr. Pierce and Ms. Prete wish to file an Amended Consolidated Complaint, they must do so by **October 21, 2022**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

   A.  Factual Allegations

Mr. Pierce and Ms. Prete allegedly attended a wedding reception at the Riverview on November 30, 2018. Consolidated Compl. ¶ 12. Around 9:30 p.m., they allegedly left the reception and returned to their car to decide how to arrange transportation to their home or to a nearby hotel. *Id.* ¶¶13, 15. While Mr. Pierce and Ms. Prete were sitting in their parked car, a Riverview employee allegedly came out to the car to express concerns about their ability to drive, but Ms. Prete allegedly explained that they would not be driving. *Id.* ¶ 17.

About ten to fifteen minutes later, the Officer Defendants allegedly knocked on the window of the car and told Mr. Pierce to step out of the vehicle. *Id.* ¶ 18. Then, according to the Consolidated Complaint, the officers pepper sprayed, tasered, and beat Mr. Pierce, leaving him with a concussion, a broken nose, and other injuries. *Id.* ¶ 20–28. Meanwhile, the officers

allegedly handcuffed Ms. Prete and detained her in a police car, where she allegedly witnessed the assault against Mr. Pierce. *Id.* ¶ 29–30. Plaintiffs allege that the Defendants then arrested Mr. Pierce without probable cause and detained Ms. Prete for hours while handcuffed at the Simsbury police station. *Id.* ¶ 31, 34–35.

The Consolidated Complaint further alleges that Defendants falsely accused Mr. Pierce of assaulting them and that these statements were repeated in news reports. *Id.* ¶ 52. As a result of these alleged false statements, Mr. Pierce lost his job as a teacher. *Id.* ¶ 54.

### B. Procedural History

On November 3, 2020, Plaintiffs filed a complaint against the Officer Defendants (except for Sergeant Critz), Chief Boulter, and the Town in Connecticut Superior Court at Hartford. Notice of Removal Ex. 2, ECF No. 1-2 (Nov. 24, 2020).

On November 24, 2020, Defendants removed the case to federal court on the basis of federal question jurisdiction. Notice of Removal, ECF No. 1 (Nov. 24, 2020).

On January 4, 2021, Defendants filed a partial motion to dismiss and answered Plaintiffs' Complaint. Defs.' Partial Mot. to Dismiss, ECF No. 12 (Jan. 4, 2021); Defs.' Answer and Affirmative Defenses to Pls.' Compl., ECF No. 13 (Jan. 4, 2021).

On July 30, 2021, Plaintiffs filed an Amended Complaint. Am. Compl., ECF No. 24 (July 30, 2021). Defendants then renewed their partial motion to dismiss and filed an answer to the amended complaint. Defs.' Renewed Partial Mot. to Dismiss, ECF No. 26 (Aug. 5, 2021); Defs.' Answer and Affirmative Defenses to Pls.' Am. Compl. ECF No. 27 (Aug. 5, 2021).

On November 23, 2021, Plaintiffs filed a separate Complaint against Sergeant Critz. Compl., *Pierce v. Critz*, No. 3:21-cv-01565-VAB (D. Conn. Nov. 23, 2021). That case was consolidated with this one on December 21, 2021. Order, ECF No. 32 (Dec. 21, 2021).

On January 28, 2022, Plaintiffs filed the operative Consolidated Complaint against Sergeant Critz and the original Defendants. Consolidated Compl., ECF No. 35 (Jan. 28, 2022).

In the Consolidated Complaint, Mr. Pierce asserts claims against the Officer Defendants under § 1983 for false arrest (Count One); excessive force (Count Two); and failure to intercede (Count Three). *Id.* ¶¶ 1–43.

Mr. Pierce also asserts state law claims against the Officer Defendants for intentional infliction of emotional distress (Count Four); negligence (Count Five); and defamation (Count Six). *Id.* ¶¶ 44–55.

Ms. Prete brings her own § 1983 claims against the Officer Defendants for false arrest (Count Seven); warrantless search (Count Eight); and *Miranda* violations (Count Nine). *Id.* ¶¶ 56–62. Ms. Prete also asserts a state law claim for intentional infliction of emotional distress against the Officer Defendants (Count Ten). *Id.* ¶¶ 63–67.

Mr. Pierce asserts claims against the Town for indemnification under Connecticut General Statutes section 52-557n (Count Eleven) and Connecticut General Statutes section 7-465 (Count Twelve), while Ms. Prete asserts a claim for indemnification under section 7-465 (Count Thirteen). *Id.* at 9–10.

Finally, both Plaintiffs bring a claim for municipal liability against the Town under § 1983 (Count Fourteen). *Id.* ¶¶ 68–75.

On February 11, 2022, Defendants collectively filed a new partial motion to dismiss and answered Plaintiffs' Consolidated Complaint. Mot. to Dismiss Consolidated Compl., ECF No. 38; Defs.' Answer and Affirmative Defenses to Pls.' Consolidated Compl., ECF No. 39 (Feb. 11, 2022).

On March 2, 2022, Plaintiffs filed an opposition to the motion to dismiss. Pls.' Opp'n, ECF No. 42.

On March 15, 2022, Defendants filed a reply in support of their motion to dismiss. Reply to Resp. to Mot. to Dismiss Consolidated Compl., ECF No. 43 (Mar. 15, 2022) ("Defs.' Reply").

**II.     STANDARD OF REVIEW**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the

5

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 358 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III.   DISCUSSION

Defendants move for partial dismissal, arguing that: (1) the claims against Chief Boulter fail to allege his personal involvement; (2) the claims against Defendants in their official capacities are redundant; (3) the Court lacks subject matter jurisdiction over the indemnification claims under Connecticut General Statutes section 7-465; (4) the allegations against the town fail to state a plausible claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); and (5) the claims against Sergeant Critz are time-barred. Defs' Mem. at 4–12, ECF No. 38-1.

Plaintiffs concede that the official capacity claims are redundant and that the section 7-465 claims fail because Plaintiffs did not serve the Town with the statutorily required notice. Pls.' Opp'n at 5. Plaintiffs also concede that the negligence claim against Sergeant Critz is time-barred, although they contend that the defamation claim is timely. *Id.* at 5–6. Thus, the Court will

consider only the claims against Chief Boulter in his individual capacity, the *Monell* claim, and the defamation claim against Sergeant Critz.

Because the Court's discussion of the *Monell* claim illustrates the deficiency of Plaintiffs' claims against Chief Boulter, the Court will address the *Monell* claim first.

### A. The *Monell* Claim

Under § 1983, municipalities are not vicariously liable in *respondeat superior* for the unconstitutional misconduct of their officials and employees. *See Monell*, 436 U.S. at 691. Instead, a municipality is subject to liability "only if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014).

This custom, policy, or usage need not be explicit. "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a 'deliberate choice,' that acquiescence may 'be properly thought of as a city "policy or custom" that is actionable under § 1983.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Thomas v. Roach*, 165 F.3d 137, 145 (2d Cir. 1999) ("A municipality may be liable under § 1983 in cases of police brutality where the City's failure to supervise or discipline its officers amounts to a policy of deliberate indifference.").

To prove deliberate indifference, a § 1983 plaintiff must show that there was an "obvious need" for better supervision to protect against constitutional violations and that the municipality ignored this need. *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) (citing *City of Canton*, 489 U.S. at 390). A plaintiff can establish an obvious need through "proof of repeated complaints of civil rights violations," and, if the municipality makes "no meaningful attempt" to

7

investigate these complaints or prevent further incidents, a court may infer a policy of deliberate indifference. *Id.*; *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("The inference that a policy existed may, however, be drawn from circumstantial proof, such as . . . evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had used excessive force in violation of the complainants' civil rights." (citation omitted)).

Here, Defendants argue that Mr. Pierce and Ms. Prete have "failed to allege facts sufficient to state a plausible claim for *Monell* liability." Defs.' Mem. at 9, ECF. No. 38-1. According to Defendants, Plaintiffs' failure-to-supervise claim fails because they have not alleged any specific facts about the Town's supervisory practices and have not identified any previous complaints that would have put the Town on notice of the risk of constitutional violations. *Id.* at 10. Defendants also contend that Plaintiffs have not alleged a plausible failure-to-train claim because they have not identified any specific deficiency in the Town's training. *Id.* at 9 (citing *Adams v. City of New Haven*, No. 3:14-cv-00778 (JAM), 2015 WL 1566177, at *4 (D. Conn. Apr. 8, 2015)).

In response, Plaintiffs argue that they have sufficiently alleged the elements of a failure-to-supervise claim. Pls' Opp'n at 2–4, ECF No. 42. Specifically, they point to the Consolidated Complaint's allegation that Chief Boulter was responsible for supervising the Defendant Officers and that he and the Town "were aware of a pattern of the use of unreasonable force by its police officers, yet they took no action to discipline the violators, thus tacitly authorizing or condoning such conduct." *Id.* at 3 (quoting Consolidated Compl. ¶ 71).

The Court disagrees.

The allegations of the Consolidated Complaint do not state a plausible claim for municipal liability. The only basis for a *Monell* claim asserted in the Complaint is Defendants' deliberate indifference to the risk of constitutional violations. Pls.' Opp'n at 2–3. In support of this claim, Plaintiffs offer only the "naked assertion" that the Town and Chief Boulter failed to act despite their knowledge of a pattern of the use of unreasonable force. *Twombly*, 550 U.S. at 557 (noting that a "naked assertion" of the elements of a claim "without some further factual enhancement . . . stops short of the line between possibility and plausibility"). Although deliberate indifference is sufficient to establish municipal liability under § 1983, the Consolidated Complaint does not contain the "factual amplification" necessary to push Plaintiffs' claim over the line from conceivable to plausible. *Arista Records*, 604 F.3d at 120 ("*Twombly* and *Iqbal* require factual amplification . . . to render a claim plausible . . . ." (internal quotation marks omitted)).

Beyond the allegation quoted above, Plaintiffs do not allege any facts about "the nature of defendants' supervisory practices" or particular "previous complaints of civil rights violations that would have put defendants on notice about the propensity of their officers to engage in the kind of misconduct alleged by plaintiff here." *Adams*, 2015 WL 1566177, at *6; *see also Simms v. City of New York*, 480 F. App'x 627, 630 (2d Cir. 2012) (summary order) (affirming dismissal of a false arrest claim that contained more specific factual allegations, including allegations that another court had found a similar claim plausible based on anecdotal evidence that police officers had falsified evidence and allegations that the plaintiff had been falsely arrested again by defendants).

Accordingly, the Court will dismiss without prejudice Plaintiffs' *Monell* claim against the Town.

### B. The Claims Against Chief Boulter

A plaintiff seeking to recover money damages under § 1983 from a defendant in his or her individual capacity must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

Moreover, a defendant is not personally involved merely because he or she supervised the officers who directly committed the alleged violation. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit concluded that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676). "The violation must be established against the supervisory official directly." *Id.*

Defendants argue that the claims against Chief Boulter are subject to dismissal because Plaintiffs have not alleged that Chief Boulter was present at the scene of the incident, prepared a report related to the incident, had a reasonable opportunity to intervene, or had any other interaction with Mr. Pierce or Ms. Prete. Defs.' Mem. at 4–5, ECF No. 38-1. Defendants also contend that Plaintiffs' have not sufficiently alleged that Chief Boulter is personally liable for failing to supervise the Officer Defendants. Defs.' Reply at 7, ECF No. 43.

In response, Plaintiffs contend that Count Fourteen, which alleges municipal liability against the Town, also states a claim against Chief Boulter in his personal capacity. Pls.' Opp'n at 4, ECF No. 42.[1] Plaintiffs point to their allegations that Chief Boulter was subjectively aware

---

[1] Count 14 alleges a claim for "Municipal Liability as to the Town of Simsbury." Consolidated Compl. 10. The Court will nonetheless construe Count 14 as a claim against both the Town and Chief Boulter in his individual capacity.

10

of a pattern of constitutional violations and failed to discipline the officers involved, arguing that these alleged facts are sufficient to state a plausible claim against Chief Boulter. *Id.* at 5.

The Court disagrees.

Plaintiffs' claims against Chief Boulter, like their *Monell* claim, depend on Chief Boulter's alleged failure to respond adequately to a known pattern of police brutality. As noted above, the Second Circuit in *Tangreti* rejected a distinct test for supervisory liability under § 1983. The court clarified that an official may be liable for actions in a supervisory capacity, but only when the official's own conduct satisfies the elements of the constitutional violation at issue. *See Tangreti*, 983 F.3d at 618 ("The focus is on what the supervisor did or caused to be done, the resulting injury attributable to his conduct, and the *mens rea* required of him to be held liable, which can be no less than the *mens rea* required of anyone else." (internal quotation marks omitted)). In doing so, the court quoted approvingly from the Fifth Circuit's description of a supervisory official's liability: "Beyond his own conduct, the extent of his liability as a supervisor is similar to that of a municipality that implements an unconstitutional policy." *Id.* at 618 n.6 (quoting *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011)). Thus, the pleading standard for a claim against Chief Boulter in his individual capacity is similar to the pleading standard for a *Monell* claim against the Town.

Plaintiffs' allegations against Chief Boulter are no more specific than their allegations against the Town, and they likewise do not rise of the level of plausibility. The Court will therefore dismiss without prejudice Plaintiffs' § 1983 claims against Chief Boulter in his individual capacity. Because the Court will dismiss all federal claims against Chief Boulter, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against Chief Boulter. *See Petty v. City of New Britain*, No. 3:17-cv-01798 (JAM), 2018 WL 587321, at

\*4 (D. Conn. Jan. 29, 2018) (declining to exercise supplemental jurisdiction over state law claims against two supervisory defendants after dismissing the § 1983 claims against those defendants for lack of personal involvement); *Sadler v. Rowland*, No. 3:01-cv-01786 (CFD) (WIG), 2004 WL 2061518, at \*8 (D. Conn. Sept. 13, 2004) ("The court has dismissed all federal claims against defendant Tokarz. Thus, the court declines to exercise jurisdiction over Sadler's state law claims against . . . Tokarz.").[2]

### C.  The Defamation Claim Against Sergeant Critz

Defendants argue that the defamation claim against Sergeant Critz is barred by the statute of limitations. Defs.' Mem. at 11, ECF No. 38-1. Under Connecticut law, "[n]o action for libel or slander shall be brought but within two years from the date of the act complained of." Conn. Gen. Stat. § 52-597. Plaintiffs filed their separate complaint against Sergeant Critz on November 23, 2021. Defs.' Mem. at 11. Thus, Defendants contend, any claim based on statements made before November 23, 2019, is time-barred. The alleged excessive force incident occurred on November 30, 2018, and Defendants point out that Plaintiffs have not alleged that Sergeant Critz made any defamatory statements on or after November 23, 2019. *Id.*

Plaintiffs respond that the statute of limitations was suspended for almost a year by executive order in response to the COVID-19 pandemic. *See* Pls.' Opp'n at 5–6, ECF No. 42. On March 19, 2020, the Governor of Connecticut issued Executive Order 7G, which suspended the statute of limitations in section 52-597. Conn. Exec. Order No. 7G-2e (Mar. 19, 2020), https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-

---

[2] The state law claims for intentional infliction of emotional distress, negligence, and defamation (Counts Four, Five, Six, and Ten) are brought against the "defendant officers." Consolidated Compl. at 6–7, 9. It is unclear from the Consolidated Complaint whether Chief Boulter is included in this group, and Plaintiffs' Opposition does not address Defendants' argument that any state law claims against Chief Boulter should be dismissed. *See* Pls.' Opp'n at 4–5.

Orders/Executive-Order-No-7G.pdf. The Governor lifted the suspension 347 days later, on March 1, 2021. Conn. Exec. Order No. 10A-5a (Feb. 8, 2021), https://portal.ct.gov/-/media/Office-of-the-Governor/Executive-Orders/Lamont-Executive-Orders/Executive-Order-No-10A.pdf. Thus, the statute of limitation for the defamation claim at issue here is effectively two years plus 347 days. Plaintiffs contend that their claim against Sergeant Critz falls within this extended statute of limitations. Pls.' Opp'n at 6.

In their reply, Defendants concede that the statute of limitation was tolled for 347 days by the Governor's executive order. Defs.' Reply at 9, ECF No. 43. They point out, however, that "only actual service upon the defendant will satisfy the state statute of limitations." *Id.* (quoting *Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990)). Here, Plaintiffs served Sergeant Critz on November 19, 2021. *Id.* Thus, defendants argue, any claim that occurred more than two years and 347 days earlier—*i.e.*, before December 7, 2018—is time-barred. *Id.* Defendants contend that the defamation claim fails because Plaintiffs have not alleged that Sergeant Critz made a defamatory statement on or after December 7, 2018. *Id.*[3]

The Court disagrees.

The statute of limitations is ordinarily an affirmative defense that Defendants must plead in their answer. *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 (2d Cir. 2014). Thus, contrary to Defendants' contention, Plaintiffs do not bear the burden of establishing that Sergeant Critz's allegedly defamatory statements were made within the applicable statute of limitations. *See* Defs.' Reply at 8. A statute of limitations defense may, however, be decided on a

---

[3] Defendants also argue for the first time in their Reply that (1) Plaintiffs' allegation are not specific enough to state a claim for defamation; and (2) Sergeant Critz's police reports are protected by qualified privilege. *Id.* at 8, 9–10. The Court will not consider these new arguments. *See Playboy Enters. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (noting that "[a]rguments made for the first time in a reply brief need not be considered by a court" and collecting cases), *aff'd*, 159 F.3d 1347 (2d Cir. 1998).

Rule 12(b)(6) motion when "the defense appears on the face of the complaint." *Ellul*, 774 F.3d at 798.

Here, the Consolidated Complaint alleges that the primary incident occurred on November 30, 2018, and that Defendants "falsely accused Pierce of assaulting them, which false statements were subsequently repeated through various news organizations." Consolidated Compl. ¶ 53. The Complaint does not allege that these false statements were made exclusively on the day of the incident, and in fact it appears plausible that they were made in reports published in the days or weeks after November 30. Because the Consolidated Complaint "does not clearly indicate that the Complaints are time-barred[,] . . . arguments over the statute of limitations . . . are better addressed at a later stage of this case." *Hybrid Athletics, LLC v. Hylete, LLC*, No. 3:17-cv-01767 (VA), 2019 WL 4143035, at *7 (D. Conn Aug. 30, 2019) (internal quotation marks omitted).

Accordingly, the Court will deny Defendants' Partial Motion to Dismiss as to the defamation claim against Sergeant Critz.

## IV. CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is **GRANTED in part** and **DENIED in part**.

The § 1983 claims against the Town and against Chief Boulter are dismissed without prejudice. The Court also declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against Chief Boulter.

If Mr. Pierce and Ms. Prete wish to file an Amended Consolidated Complaint addressing the deficiencies identified above, they must do so by **October 21, 2022**.

The claims against Defendants in their official capacities are dismissed as redundant.

The claims against the Town under Connecticut General Statutes section 7-465 are dismissed for lack of subject matter jurisdiction.

The negligence claim against Sergeant Critz is dismissed as time-barred.

All other claims will proceed.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of September, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE